ERVIN, Judge.
Chambers appeals from a final order which denied his claim for declaratory relief and compensatory damages. We affirm.
The appellant was employed by the St. Regis Paper Company when an industrial accident occurred in 1974. St. Regis paid temporary workers’ compensation benefits, and by 1978 the parties were negotiating a lump-sum settlement for permanent benefits. Meanwhile, in February of that year, Chambers formally applied for the company’s early retirement/disability pension benefits. A few days after he filed this application, the parties agreed to a workers’ *984 compensation settlement representing compensation benefits, future medical expenses and attorney’s fees.
Subsequently, St. Regis notified Chambers that he would not receive his first retirement/disability check until 1984 because the company was taking a setoff in the amount of compensation benefits paid under the settlement agreement. Chambers then brought this action in circuit court, seeking a declaratory statement of the parties’ rights and requesting damages in the amount of his retirement/disability benefits.
In this appeal and in the non-jury trial below, Chambers has argued that the employer’s action has impermissibly diminished his workers’ compensation benefits and that he was not given adequate notice of the company’s intent to take an offset. We disagree.
Plainly, Chambers will receive the workers’ compensation benefits for which he bargained. Nothing in the Florida Workers’ Compensation Act precludes an employer from taking a setoff under the circumstances of this case. See City of Miami v. West, IRC Order 2-2647 (May 22, 1974) cert. denied, 310 So.2d 304 (Fla.1975). Notice was adequately provided by the terms of the pension plan, quoted in the judge’s order, which explained to employees that “your Plan benefits will be reduced by any other disability benefits for which the Company contributes — either directly or indirectly.”
Accordingly, the order of the trial court is AFFIRMED.
WENTWORTH and JOANOS, JJ., concur.